# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERNANDEZ-HERNANDEZ,<br><br>    Petitioner and Defendant,<br><br>    v.<br><br>VICTOR VILLE HERLONG,<br><br>    Respondent. | CASE NO. 14cv1658 and 12cr847-LAB<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

    Petitioner and Defendant Roberto Hernandez-Hernandez pleaded guilty to one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326, for which he was sentenced to a term of 55 months' imprisonment. After two unsuccessful motions to vacate his sentence[1] and one unsuccessful appeal (during which he was represented by counsel), he filed this, his third motion pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence. Although he filed it as a petition pursuant to 28 U.S.C. § 2241 in the Central District of California, the judge assigned to that case correctly recognized that he was attacking his sentence in this case, and transferred it to this District. (*See* Docket no. 9 (unopposed motion to construe § 2241 petition as a § 2255 motion, and to transfer it to this

/ / /

/ / /

---

[1] The first motion was denied without prejudice for lack of jurisdiction, because his appeal was still pending.

1  District) and 11 (order granting motion)).[2] Here, it was assigned to the undersigned judge,
2  who presided over his guilty plea and sentenced him.

3  The earlier related cases are 12cr847-LAB-1, 12cv127-LAB, and 13cv3093-LAB,
4  *Roberto Hernandez-Hernandez v. United States of America*. Although the current petition
5  does not acknowledge any previous § 2255 motions or even identify the underlying case, an
6  examination of the petitions in these cases confirms they were all filed by the same
7  petitioner.[3] The Clerk is directed to correct the docket to reflect that this is a § 2255 motion
8  filed in criminal case 12cr847.

9  For reasons set forth in the Court's order of December 19, 2013 in case 13cv3093
10 and 12cr847, Hernandez's petition has no merit. In addition, in spite of the fact that
11 Hernandez calls this a § 2241 petition, it is in fact a successive § 2255 motion. Because he
12 has not obtained certification from the Ninth Circuit to file it, as required under 28 U.S.C. §
13 2244, this Court therefore lacks jurisdiction to consider it. *See United States v. Washington*,
14 653 F.3d 1057, 1065 (9th Cir. 2011) (holding that the district court lacked jurisdiction to
15 consider claims presented in a § 2255 motion disguised as a Fed. R. Civ. P. 60 motion,
16 because the petitioner had not first obtained a certificate from the Court of Appeals
17 authorizing the district court to consider it).

18 The motion is **DENIED WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND**.
19 Hernandez may file another § 2255 motion only if he first obtains the required certificate from
20 / / /

---

[2] The petition, like most of Hernandez's other filings, is not particularly clear, and contains a good deal of contradictory information. For example, the caption says Hernandez is in prison for attempted second degree burglary of a vehicle, and the body of the petition says Hernandez was sentenced on September 16, 2012, nearly two months after his sentencing date in this Court. But docket searches for the docket number listed in the caption, or for criminal cases filed against Roberto Hernandez in California courts in the past ten years returned no results. In addition, Hernandez is in federal, not state, prison, and apparently has named the federal facility as the respondent. He also used a form indicating he was seeking relief pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254 (which would be used by persons in custody pursuant to state court judgments). If Hernandez disagreed with this construction of his pleading, he could and should have opposed the motion to transfer.

[3] In the earlier petitions as well as this one, Hernandez gives his name as Hernandez H. Roberto. But documents in the criminal case make clear his name is really Roberto Hernandez-Hernandez.

the Ninth Circuit, and any future § 2255 motions filed without the certificate will be summarily dismissed. A certificate of appealability is **DENIED**.

     **IT IS SO ORDERED**.

DATED: July 16, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge